UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WADE CURL, | No. 2:15-cv-2088 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] Plaintiff argues that the ALJ erred at step two of the sequential evaluation and by rejecting plaintiff's testimony. For the reasons explained below, plaintiff's motion is granted, defendant's motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In April or May of 2011, plaintiff filed an application for Child's Insurance Benefits ("CIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 4 & 8.)

April 11, 1987.  (Transcript ("Tr.") at 30, 163-69.)  Plaintiff's application was denied initially, (id. at 96-99), and upon reconsideration.  (Id. at 102-06.)

Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on August 29, 2013.  (Id. at 41-85.)  Plaintiff was not represented by counsel and testified at the administrative hearing.  (Id. at 41-42.)  In a decision issued on November 4, 2013, the ALJ found that plaintiff was not disabled.  (Id. at 36.)

The ALJ entered the following findings:

> 1. Born on April 11, 1969, the claimant had not attainted age 22 as of April 11, 1987, the alleged onset date (20 CFR 404.102 and 404.350(a)(5)).
>
> 2. The claimant has not engaged in substantial gainful activity since April 11, 1987, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. Prior to the date the claimant attained age 22, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 CFR 404.1520(c)).
>
> 4. The claimant has not been under a disability, as defined in the Social Security Act, at any time prior to April 10, 1991, the date he attained age 22 (20 CFR 404.350(a)(5) and 404.1520(c)).

(Id. at 32-35.)

On August 5, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's November 4, 2013 decision.  (Id. at 3-5.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 5, 2015.  (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin.,

2

466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,  298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following two principal errors:  (1) the ALJ erred at step two of the sequential evaluation; and (2) the ALJ's treatment of plaintiff's testimony constituted error.  (Pl.'s MSJ (ECF No. 16) at 9-17.[2])

---

[2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

**I.      Step Two Error**

Plaintiff asserts that the ALJ erred in finding that plaintiff lacked a severe impairment at step two of the sequential evaluation. (Id. at 9-14.) At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153. However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted).

"[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28; see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or

4

objective test results"). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, the ALJ found that there was "no established medical impairment in the record to support [plaintiff's] allegations of disability" during the period at issue. (Tr. at 33.) In this regard, there were "no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." (Id. at 35.) Plaintiff argues that in reaching this finding, the ALJ improperly rejected the two statements provided by George Lopez, a Licensed Clinical Social Worker. (Pl.'s MSJ (ECF No. 16) at 10-11.) Lopez' statements generally reflect that he treated plaintiff during the disability period at issue for mental impairments. (Tr. at 344-45, 426-27.)

The ALJ discussed Lopez' statements and noted that there was "no corroborating evidence, such as progress notes of treatment or clinical findings to support," Lopez' statements. (Tr. at 34.) Moreover, as a Licensed Clinical Social Worker, Lopez was "not an acceptable medical source, per Social Security Regulations." (Id.) Only an acceptable medical source can "establish the existence of a medically determinable impairment." See 20 C.F.R. § 404.1513(a) ("We need evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s).").

Plaintiff, however, cites to treatment notes closely dated to after the disability period at issue. In this regard, on February 28, 1993—less than two years after plaintiff's 22nd birthday on April 10, 1991—he presented to the Santa Clara Valley Medical Center Emergency Psychiatric Service. (Tr. at 306-07.) Plaintiff stated that he had started taking a new medication six weeks prior for irrational thoughts "that he might be god or an angel," was anxious, and was experiencing suicidal ideation. (Id. at 307.) He was diagnosed as suffering from bipolar disorder and involuntarily held for 72 hours. (Id. at 307, 313-14.) On February 7, 1994, plaintiff was again subject to a 72-hour involuntary hold due to being "suicidal." (Id. at 325.) The ALJ's

1  decision, however, does not discuss these records.

2  "[I]t is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability."  Smith v. Bowen, 849 F.2d 1222, 1225 (9th Cir. 1988); see also Tobeler v. Colvin, 749 F.3d 830, 833 (9th Cir. 2014) ("Bandy's statement that Tobeler was incapable of working in 2001 is relevant to his ability to work in 1999, at least in the absence of any evidence that Tobeler's condition worsened between 1999 and 2001."); Kish v. Colvin, 552 Fed. Appx. 650, 651 (9th Cir. 2014) ("Evaluations conducted after the last insured date can still be relevant to assessing a claimant's condition during the appropriate period."); Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) ("Medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition.").

As noted above, the ALJ's conclusion that the claimant lacks a medically severe impairment or combination of impairments is valid only when that conclusion is "clearly established by medical evidence."  Webb, 433 F.3d at 687.  Here, given the ALJ's failure to consider relevant evidence, the court cannot say that the ALJ's conclusion that plaintiff lacked a medically severe impairment was clearly established by medical evidence.  See Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011) ("This is not the total absence of objective evidence of severe medical impairment that would permit us to affirm a finding of no disability at step two."); Webb, 433 F.3d at 687 ("Although the medical record paints an incomplete picture of Webb's overall health during the relevant period, it includes evidence of problems sufficient to pass the de minimis threshold of step two."); Russell v. Colvin, 9 F.Supp.3d 1168, 1186-87 (D. Or. 2014) ("On review, the court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Ms. Russell did not have a medically severe impairment or combination of impairments."); cf. Ukolov, 420 F.3d at 1006 ("Because none of the medical opinions included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of establishing disability.").

////

////

Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor with respect to his claim that the ALJ erred at step two of the sequential evaluation.[3]

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.[4] McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the ALJ erred at step two of the sequential evaluation by failing to consider relevant evidence. Moreover, the ALJ's evaluation did not proceed beyond step two of the sequential evaluation. Accordingly, the court cannot say that "further administrative proceedings would

---

[3] The ALJ's error here cannot be harmless because the ALJ ended the sequential evaluation at step two. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (any step two error was harmless where "ALJ extensively discussed" condition "at Step 4 of the analysis").

[4] "In light of the remand required by the ALJ's error at step two of the sequential evaluation, the court need not address plaintiff's remaining claims." Meinecke v. Colvin, No. 2:14-cv-2210 AC (TEMP), 2016 WL 995515, at *4 (E.D. Cal. Mar. 14, 2016); see also Sanchez v. Apfel, 85 F.Supp.2d 986, 993 n. 10 (C.D. Cal. 2000) ("Having concluded that a remand is appropriate because the ALJ erred in ending the sequential evaluation at Step Two, this Court need not consider the issue of plaintiff's credibility.").

serve no useful purpose." Dominguez, 808 F.3d at 407; see also Treichler, 775 F.3d at 1103-04 ("In evaluating this issue, we consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 23) is denied;
3. The Commissioner's decision is reversed;
4. This matter is remanded for further proceedings consistent with this order; and
5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated:  March 8, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\curl2088.ord